IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

HERBERT HUBERT COOPER           §

VS.                             §    CIVIL ACTION NO. 1:03cv77

DIRECTOR, TDCJ-CID              §

MEMORANDUM OPINION

Petitioner Herbert Hubert Cooper, an inmate confined at the Wayne Scott Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The parties voluntarily consented to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Accordingly, on September 30, 2003, the case was assigned to a Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), FED. R. CIV. P. 73 and the consent of the parties.

Factual Background

On December 13, 1999, in the 252nd District Court of Jefferson County, Texas, following a trial by jury, petitioner was convicted of aggravated robbery. Petitioner was sentenced to twenty-five (25) years confinement in the Texas Department of Criminal Justice.

Petitioner appealed his conviction to the Ninth Court of Appeals. On November 1, 2000, the appellate court found the evidence was insufficient to establish a nexus between the assault

and the theft, and reversed the district court. *Cooper v. State*, 29 S.W. 3d 901 (Tex. App. -- Beaumont, Nov. 1, 2000). However, on the state's petition for discretionary review, the Texas Court of Criminal Appeals reversed the judgment of the Court of Appeals and affirmed the district court judgment. *Cooper v. State*, 67 S.W.3d 221 (Tex. Crim. App. Jan. 30, 2002).

## Grounds for Review

Petitioner brings this petition asserting that the evidence is legally insufficient to support his conviction for aggravated robbery. Petitioner contends that there was no proof of a nexus between the spontaneous assault and the theft of the truck.

## The Response

The Respondent asserts that petitioner fails to show that the state court decision on this issue was legally or factually unreasonable. Therefore, according to the respondent, petitioner is not entitled to relief.

## Analysis

*Standard of Review*

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April 24, 1996. The

new provisions, in part, prohibit a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Likewise, if a state court has resolved on the merits an issue of law or a mixed issue of law and fact, the district court is not to grant a writ unless the resulting decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases"

3

or if the state court decides a case differently than the Supreme Court did on "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court "unreasonably applies" clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-408; *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002). The Supreme Court held that when determining unreasonableness of the application of federal law the standard is objective: "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Second, the Court emphasized that the "most important point" of the *Williams* decision is the critical distinction between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Id.* at 410-411. Because section 2254(d) places a new constraint on a federal habeas court and demands greater deference to state courts, a federal court has no authority to grant habeas corpus relief simply because it concludes, in its independent judgment, that a state supreme court's application of relevant law is erroneous or incorrect. *Neal*, 286 F.3d at 236.

*The Offense*

Here, petitioner was convicted of aggravated robbery concerning the assault of his seventy (70) year old uncle and the

4

theft of his uncle's truck. The relevant statutes provide the following:

    Section 31.03. Theft

    (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

    (b) Appropriation of property is unlawful if:

    (1) it is without the owner's effective consent;

    (2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or

    (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

TEX. PENAL CODE ANN. § 31.03 (Vernon 1998).

    Section 29.02. Robbery

    (a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

    (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

    (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

    (b) An offense under this section is a felony of the second degree.

TEX. PENAL CODE ANN. § 29.02 (Vernon 1998).

    Section 29.03. Aggravated Robbery

    (a) A person commits an offense if he commits robbery as defined in Section 29.02, and he:

    (1) causes serious bodily injury to another;

    (2) uses or exhibits a deadly weapon; or

>    (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:
>
>      (A) 65 years of age or older; or
>
>      (B) a disabled person.
>
>    (b) An offense under this section is a felony of the first degree.
>
>    (c) In this section, "disabled person" means an individual with a mental, physical, or developmental disability who is substantially unable to protect himself from harm.

TEX. PENAL CODE ANN. § 29.03 (Vernon 1998).

*Sufficiency of the Evidence*

In reviewing the sufficiency of the evidence, a court refers to the substantive elements of the criminal offense as defined by state law.  *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir.1995). During this review, the court examines all of the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  This standard takes into account a jury's duty to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts ." *Id*.  A state appellate court's determination that the evidence was sufficient to support a conviction is entitled to great weight. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied*, 474 U.S. 855, 106 S.Ct. 159, 88 L.Ed.2d 132 (1985).

The state court found that "[t]he evidence in this case is sufficient to support an inference that the assault was committed in the course of the commission of the theft." *Cooper*, 67 S.W.3d at 224. The intent to commit theft can be formed either before or during the assault. *Cf. Alvarado v. State*, 912 S.W.2d 199, 207 (Tex.Crim.App.1995) ("In order for a murder to qualify as capital murder under § 19.03(a)(2), the killer's intent to rob must be formed before or at the time of the murder."). If a defendant formed the intent to commit theft after the assault was completed, he would not have committed robbery. *Cf. Moody v. State*, 827 S.W.2d 875, 892 (Tex.Crim.App. 1992) ("[P]roof of a robbery committed as an afterthought and unrelated to a murder would not provide sufficient evidence of capital murder pursuant to TEX. PENAL CODE ANN. § 19.03(a)(2)."). However, as a general rule, "a theft occurring immediately after an assault will support an inference that the assault was intended to facilitate the theft." *Cooper*, 67 S.W.3d at 224. "[T]he inference will not be negated by evidence of an alternative motive that the jury could rationally disregard." *Id.*

"When [petitioner] was asked why he took the truck, he said, 'Well, I needed -- I didn't know what I was doing. I just ran and jumped in the truck and just took off.'" *Id*. Viewing the evidence in the light most favorable to the prosecution, a review of the record in this case demonstrates that a rational jury could have rationally disbelieved petitioner's testimony and made an inference that the assault was intended to facilitate the theft. Therefore,

7

petitioner's claim regarding insufficiency of the evidence to convict is without merit.

Petitioner has failed to show either that the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Thus, the petition should be denied.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus should be denied.  A final judgment will be entered in this case in accordance with this opinion.

**SIGNED** this  27  day of          March          , 2006.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE